7012AA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
\* \* \* \* \* \* \* \* \* \* \* \* \* \*

DONNA E. MARCUM

    Plaintiff,

v.

AMERIQUEST MORTGAGE COMPANY,
A Foreign Corporation, Mortgagee,
a/k/a AMC MORTGAGE SERVICES, DEUTSCHE
BANK NATIONAL TRUST COMPANY, as Trustee
of AMERIQUEST MORTGAGE SECURITIES,
INC. and DOES 1-5

    Defendants.

_____/

D. Richard Black (P25773)
David M. Hall (P14544)
DAVID HALL & ASSOCIATES, P.C.
LAW OFFICE OF D. RICHARD BLACK
Attorney for Plaintiff
283 Howard Avenue
Holland, MI 49424
(616) 396-3998

Case No. **08-12307**

HON. **AVERN COHN**
U.S. District Court Judge

**MAGISTRATE JUDGE WHALEN**

<u>JURY DEMANDED</u>


FILED MAY 28 2008
U.S. DISTRICT COURT
MAY 28 2008

## COMPLAINT

NOW COME Plaintiff, by and through her counsel, D. Richard Black and David M. Hall, and as her Complaint against Defendants states as follows:

### INTRODUCTION

Plaintiff, Donna E. Marcum brings this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth In Lending Act, 15 USC Section 1601, et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 CFR part 226, to recover damages under RESPA, to rescind the transaction under state laws, restoring the parties to the status quo ante, and to recover damages under state law.

1

## JURISDICTION AND VENUE

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. Section 1331.

## SUMMARY OF CLAIMS

This claim arises from real estate loan transactions resulting in a mortgage upon Plaintiff's home which is located in Washtenaw County, Michigan. The Plaintiff asserts claims against Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601, et seq. The Plaintiff alleges that AMC, the originator of the Plaintiff's loan, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiff's statutory right to cancel the transaction. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiff has retained her right to cancel the transaction. The Plaintiff has exercised that right by delivering written notice of her election to cancel in accordance with the requirements of TILA. AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiff's loan cancellations. The Plaintiff seeks a court determination that her loan transaction has been rescinded. Plaintiff also seeks statutory and actual damages for violations of TILA attorney's fees and costs. Deutsche is the assignee of the loan and is liable to the Plaintiff pursuant to 15 U.S.C. Section 1641 (c). The Plaintiff also claims violations RESPA. The Plaintiff also brings pendent claims under state law for rescission and for damages arising out of state and common law for fraud, misrepresentation, for breach of contract, and for violations of the implied covenant of good faith and fair dealing.

## PARTIES

1. Plaintiff owns and resides in a home located at 1521 N. Huron River Dr., Ypsilanti, Michigan 48197.

2. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

3. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

4. At all times pertinent hereto, Defendant Ameriquest Mortgage Company made more than 26 loans per year.

5. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

6. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

7. Defendant AMC Mortgage Services, Inc. is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

8. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

9. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868.

10. Defendant Deutsche Bank National Trust Company (Deutsche) is a citizen of the state of California. Deutsche does business in this district by making, holding and/or selling mortgage loans secured by residential property within this district.

11. In the event Ameriquest Mortgage Securities, Inc., does not own Plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Defendant Does 1-5.

## FACTUAL ALLEGATIONS

12. Prior to August 5, 2004 Plaintiff applied for a re-finance loan with Ameriquest Mortgage Company for purposes of paying off an existing mortgage and high interest credit card bills.

13. Plaintiff needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

14. The terms of the loan applied for by Plaintiff were unilaterally modified by Ameriquest Mortgage Company without the consent of Plaintiff.

15. Plaintiff was later directed to make payments to AMC Mortgage Services, Inc.

16. By written notice on or about May 9, 2008 the Defendants were notified in writing of the intent of the Plaintiff to rescind the loan and to file this lawsuit seeking damages as a victim of predatory lending practices; said written notice dated May 9, 2008 is hereby incorporated by reference herein.

17. The home of the Plaintiff is likely subject to a foreclosure sale.

18. On information and belief, Ameriquest Mortgage Securities, Inc. owns Plaintiff's loan.

19. The Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. Section 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiff's loan.

20. Pursuant to 15 U.S.C. Section 1635 (a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA 15 U.S.C. Section 1635 (a). Section 1635 (a) requires that *each borrower* receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. Section 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. Section 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. Section 1635 (f). If a consumer has the right

4

to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. Section 1641(c).

21. A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R Section 226.23 (a)(2).

22. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. Section 1635(b).

23. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. Section 1635 (b), 12 C.F.R. Section 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. Section 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

24. AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The Plaintiffs only received two form notices, with one blank, unsigned and not dated and the other one was incorrectly dated and unsigned. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

25. Furthermore, AMC included in its closing papers a document purporting to grant a "One Week Cancellation Period". That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was delivered unsigned.

26. Pursuant to TILA, Section 15 U.S.C. Section 1635, Plaintiff has retained a right to rescind her mortgage with respect to her loan with AMC.

27. The Plaintiff has exercised her right to cancel the transaction and has notified AMC of her election to cancel as required by 15 U.S.C. Section 1635. AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.

28. AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

29. Plaintiff, at all material times, resided and continues to reside at 1521 N. Huron River Dr., Ypsilanti, Michigan 48197.

30. Despite having received notice of Plaintiff's election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

32. AMC originally promised Plaintiff a "fixed rate" loan, but engaged in last minute "bait and switch" tactics by introducing at closing an adjustable rate mortgage with a promised "discount fee" for securing a lower rate. Only at closing was the Plaintiff presented with an Adjustable Rate Note and "rider." Further, AMC promised the Plaintiff that the AMC issued loan would be "more affordable" on a monthly basis because AMC would not withhold monthly taxes and insurance payments, but then at closing, in a "bait and switch" tactic all of those payments were added to the mortgage monthly payment. Additionally, Plaintiff's loan documents with Ameriquest contained one or more of the following unfavorable terms: (a) misleading charge for "discount points" or a "discount fee" of $2,106.00 which was added to the principal of the loan, although Ameriquest provided no "discount" to the interest rate; (b) prepayment penalty that hindered Plaintiff from refinancing on better terms with other lenders; and (c) duplicative and excessive costs and closing fees in amounts designed to strip home equity and prevent Plaintiff from refinancing without incurring high costs, (d) promising Plaintiff a two year ARM at an initial rate of 8.25% with no increases for the first TWO

YEARS but unilaterally changing the terms of the loan without Plaintiff's knowledge or consent.

33. Ameriquest knowingly and actively misled Plaintiff by:

(A) Engaging in a scheme that as by it nature and design "self-concealing";

(B) Knowingly and actively mischaracterizing and misrepresenting, inter alia, actual amounts paid for abstracts, title search, title examinations, notary fees, endorsement fees, title insurance, and recording charges such that such non-bona fide and illegal charges were wrongfully excluded from the Finance Charges and Amount Financed used to calculate the Annual Percentage Rate ("APR"), thereby materially misrepresenting these disclosures as well as materially understating the APR;

(C) Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APR's on the TILA Disclosure Statements provided to Plaintiffs, by, among other things, failing to include in its calculations all of the required disclosures that were not bona fide, reasonable, lawful and/or not paid to true third parties.

## COUNT I
## TILA VIOLATIONS

34. Plaintiff re-alleges all the preceding allegations referenced as if set out here in full.

35. Plaintiff has properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. Section 1635.

36. Defendant Deutsche is liable to the Plaintiff pursuant to 15 U.S.C. Section 1641 (c).

Defendants have violated TILA, with respect to the AMC loan, in at least the following ways:

(A) By failing to take actions after rescission as required by U.S.C. Section 1635(b), including the steps necessary or appropriate to

7

reflect the termination of the security interest and returning all money paid by Plaintiff if connection with the loan; and

(B) By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEEFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and in her favor, and pursuant to 15 U.S.C. Section 1640 (a), award the following relief;

(A) Statutory damages as provided in 15 U.S.C. Section 1640 (a);

(B) Actual damages in an amount to be determined at trial;

(C) Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

(D) A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

(E) Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with this transaction;

(F) A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring that Defendants accept tender on reasonable terms and over a reasonable period of time;

(G) An award of reasonable attorney fees and costs; and

(H) Such other relief at law or equity as this Court may deem just and proper.

## COUNT II

## VIOLATIONS OF RESPA

37. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein. In violation of the Real Estate Procedures Settlement Act (RESPA), 12 U.S.C. § 2601, et seq. and HUD Regulation X (24 C.F.R. § 3500, et seq.) Defendants misled Plaintiff by initially

saying that AMC would bear the cost of the appraisal of the property and then charged inflated amounts for title insurance, closing costs, notary fees, "lenders processing fees, administrative fees to Ameriquest Mortgage Company, appraisal costs and fees and misstated charges for allocation of property taxes and hazard insurance. In the case of the appraisal fees one fee was quoted and a substantially higher fee was charged at closing in another "bait and switch" tactic.

38. Defendants paid referral and/or kickbacks disguised as higher fees to appraisers to give an appraisal that would justify a loan in an amount that was not otherwise supportable.

WHEREFORE, Plaintiff demands actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## VIOLATION OF FIDUCIARY DUTY

39. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

40. Defendants induced Plaintiff's reliance upon them by saying that AMC would handle all of the paper work and arrange the appraisal of the property so as to get the loan that "Plaintiff needed." Plaintiff was unschooled in the Defendants' business practices and was not in the business of making or processing loans, and, was therefore, entitled to rely upon the Defendants' superior knowledge and inducement to "...leave all of the details..." to the Defendants. Plaintiff was entitled to rely on the Defendants and did, in fact, rely on the Defendants.

41. At closing, AMC presented with a completed and typed out "Uniform Residential Loan Application" (loan application) that listed a wildly exaggerated income figure for the Plaintiff in the form of "overtime" as an employee of the State of Michigan, when, in fact, Plaintiff had presented income from a "side business" and not as income from the State of Michigan. Plaintiff believes and alleges that this misstatement of fact was

designed to conceal and hide the nature of Plaintiff's income so as to avoid due diligence and attention from loan reviewers who may have otherwise questioned self-employment income on a "stated income" type of loan. AMC knew or should have known that these overtime income figures were wrong and misleading because Plaintiff had furnished detailed bank statements from her self-employment in her "side business" and, in fact, that side business and self-employment is listed as "C'est Cyber, Inc." in that Loan Application itself. Instead, AMC chose to list income as "overtime" instead of furnishing details of other income under the spaces provided on that loan application.

42. In the same loan application AMC even misstates Plaintiff's race and gender as "white male" in an attempt to avoid scrutiny by loan reviewers and to get Plaintiff into an unaffordable loan, since listing her gender as "female" may have invited additional scrutiny as state employee and "youth specialist." AMC's knew that Plaintiff was not a "white male" because they met with her personally and demanded state issued photo identification as part of the loan application process.

43. By overcharging for services, hiding fees and misstating other fees and by filling out the loan application with false and fraudulent income figures the Defendants misled the Plaintiff in violation of their fiduciary duty to Plaintiff.

WHEREFORE, Plaintiff demands rescission of the underlying loan and security transaction and punitive damages in an amount to be determined by a jury plus attorney fees and the costs of this action.

## COUNT IV
## FRAUD AND MISREPRESENTATION

44. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

45. At various times during the existence of this loan Plaintiff was charged late and other fees which were miscalculated and or not justified by the documents and or law.

46. On the day of closing, AMC furnished the Plaintiff with one set of closing documents earlier in the day that stated that the loan amount financed was $201,854.01 at an interest rate of 8.683%, but, in a "bait and switch" tactic, a few hours later, at the closing in the Plaintiff's home, this loan amount financed was increased, without explanation, to $206,500.40 and the interest rate was changed to 8.459%, but the monthly payment amounts—the figures that most consumers would pay close attention to—remained the same as the earlier disclosures. This was a deceptive and misleading scheme to provide AMC and/or others with additional up front money that was essentially a concealed cost of the loan.

47. By furnishing inflated appraisals, in engaging in "bait and switch" tactics, by engaging in self-concealing conduct, furnishing falsified loan application information, overstating and misrepresenting costs and fees associated with the loan and in other wise misleading the Plaintiff, AMC engaged in fraudulent and/or negligent misrepresentations. Plaintiff was entitled to rely upon such representations and did, in fact, rely on them to her damage.

WHEREFORE, Plaintiff demands rescission of the underlying loan and security transaction and punitive damages in an amount to be determined by a jury plus attorney fees and the costs of this action.

## COUNT V
## VIOLATIONS OF EQUAL CREDIT OPPORTUNITY ACT

48. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

49. By misrepresenting Plaintiff's gender and income and by inducing Plaintiff to assume a loan obligation which they knew or should have known that she could not afford and then by reporting negative credit information when Plaintiff could not afford the scheduled and then later increased monthly payments, AMC violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C. 1691 et seq.

WHEREFORE, Plaintiff demands correction of all credit reports for all credit reporting agencies and the removal of all negative reporting information and actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT VI

## BREACH OF CONTRACT

50. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

51. By misrepresenting facts, overcharging Plaintiff, and engaging in a self-concealing scheme to mislead and deceive Plaintiff, AMC and other Defendants breached their duties of good faith and fair dealing implied in every contract.

WHEREFORE, Plaintiff demands rescission of the underlying loan and security transaction and punitive damages in an amount to be determined by a jury plus attorney fees and the costs of this action.

## COUNT VII

## VIOLATIONS OF CONSUMER PROTECTION LAWS

52. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

53. By their course of conduct and by misrepresenting facts and engaging in a self-concealing scheme of behavior Defendants engaged in an unfair, unconscionable, or deceptive methods, acts, or practices in violation of the Michigan Consumer Protection Act, and other Michigan Laws.

WHEREFORE, Plaintiff demands rescission of the underlying loan and security transaction and punitive damages in an amount to be determined by a jury plus attorney fees and the costs of this action.

## COUNT VIII

## WRONGFUL FORECLOSURE

54. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

55. Defendants above-described actions do not provide a legal basis for any attempt by defendants to foreclose on Plaintiff's home when there exists no legal right to do so and would constitute a wrongful foreclosure.

56. Plaintiff has and continues to suffer extreme mental anguish, emotional distress and fear of losing her home as a result of Defendants' wrongful actions.

57. The acts of Defendants were willful, intentional, designed to and did inflict emotional distress on the Plaintiff.

58. Plaintiff has been humiliated and embarrassed.

WHEREFORE, Plaintiff demands actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT IX
## FRAUD

59. Plaintiff re-alleges all of the allegations contained in the above paragraphs as though fully restated herein.

60. This is a count against Ameriquest only.

61. Ameriquest made numerous false and fraudulent representations to Plaintiff regarding the loan transaction complained of herein.

62. Ameriquest intended that Plaintiff rely on said representations.

63. Plaintiff did rely, to their detriment, on said representations and entered into the loan transaction under the conditions stated above.

64. Among the false representations are:

   (A) That Plaintiff received a discount on their interest rate in exchange for a payment of a "loan discount" fee of $2,106.00.

   (B) That Plaintiff was receiving a two year ARM with no adjustments for the first two years of the loan AND the right to an adjustment to a lower rate;

   (C) That the closing costs and fees Plaintiff paid in connection were bona fide and reasonable;

   (D) That Plaintiff had to pay the loan and did not have a right to rescind the loan;

(E) Other misrepresentations mentioned in the paragraphs above;

(F) Other misrepresentations not specifically mentioned herein.

WHEREFORE, Plaintiff demands actual and punitive damages in an amount to be determined by a jury plus costs of this action.

Dated: 5/12/08

D. Richard Black (P25773)
Attorney for Plaintiff

Dated: 5/12/08

David M. Hall (P14544)
Attorney for Plaintiff

## JURY DEMAND

NOW COME Plaintiff, by and through her counsel, and demands trial by jury in this matter.

Dated: 5/12/08

D. Richard Black (P25773)
Attorney for Plaintiff

Dated: 5/14/08

David M. Hall (P14544)
Attorney for Plaintiff

**AVERN COHN**

**CIVIL COVER SHEET** County in which action arose: WASHTENAW

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**08-12307  MAGISTRATE JUDGE WHALEN**

### I. (a) PLAINTIFFS
DONNA E. MARCUM

### DEFENDANTS
Ameriquest Mortgage Company, a/k/a AMC Mortgage Services, Deutsche Bank National Trust Company, Trustee of Ameriquest Mortgage Securities, Inc. and Does 1-5

(b) County of Residence of First Listed Plaintiff: WASHTENAW
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
D. RICHARD BLACK (P25773), 24 HOWARD AVENUE, HOLLAND, MI 49424
616-396-3998

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☒ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

890

### V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601, et seq (TILA)
Brief description of cause:
SUB PRIME LENDING FRAUD

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ INJUNCTIVE RELIEF
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: May 21, 2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

...SUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes   ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____